UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:14-CR-57-TBR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

AARON TAYLOR,                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Motion by Defendant Aaron Taylor, ("Taylor"), for early termination of his term of supervised release. [DN 30.] The United States has responded, [DN 31], and the time has passed for Taylor to file a Reply. For the reasons that follow, Taylor's Motion [DN 30] is **DENIED.**

### I. Background

In December of 2014, Taylor pleaded guilty to being a person convicted of a felony in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). [*See* DN 1, DN 27.] By the terms of the Judgment and Commitment Order, among other parameters, Taylor was to be placed under supervised release for a term of three years upon his release from imprisonment. [DN 27, at 4.] According to the United States' Response Brief, Taylor was released from federal custody on January 10, 2017. [DN 31, at 2.] In the instant Motion, Taylor has now asked the Court to terminate his term of supervised release early. [*See* DN 30.]

### II. Discussion

Title 18 U.S.C. § 3583 "is the general section instructing district courts on the parameters of supervised release." *United States v. Suber*, 75 F. App'x 442, 443 (6th Cir. 2003). Section 3583(e) provides as follows:

> (e) Modification of conditions or revocation – The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice….

18 U.S.C. § 3583(e). "The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *Suber*, 75 F. App'x at 443-44. Additionally, "[t]he phrase 'interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)).

Contained within 18 U.S.C. § 3553(a) are seven factors the Court may consider when reaching a decision concerning the early termination of supervised release. They are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) "the need for the sentence imposed," (3) "the kinds of sentences available," (4) "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines," (5) "any pertinent policy statement" on point, (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)-(7).

In his Motion, Taylor does not point to any of the factors listed above, nor does he present any facts which would go directly to those factors. Instead, he states the following:

> I am currently under supervised release, in Jefferson County…I was advised that I needed to petition to the courts for release to unsupervised release. I currently hold a job for the past months. I have no serious issues, checkable by my supervising officer one Bridget Messer. Proper planning and precision has me trying to attend school an[d] attain my degree. Hoping to better [myself] for me and my family [sic].

[DN 30, at 1.] Taylor's compliance with the terms of his supervised release, while commendable, does not, in and of itself, indicate that a three-year term of supervised release should be terminated after just one year.

The Court first considers "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Taylor pled guilty to being a person convicted of a felony in possession of a firearm. [DN 17.] With respect to Taylor's history, he was previously convicted of two counts of facilitation to murder and two counts of first-degree robbery. [*See* DN 17, at 2.] Considering his criminal history, the Court finds a "need for the sentence imposed." 18 U.S.C. § 3553(a)(2).

Next, the Court considers the "kinds of sentences available." 18 U.S.C. § 3553(a)(3). In 2014, at the time that Taylor pled guilty to being a person convicted of a felony in possession of a firearm, the charge carried "a maximum term of ten (10) years, a maximum fine of $250,000 and up to a three (3) year term of supervised release." [DN 17, at 2.] However, pursuant to the Court's Judgment, Taylor was ordered into confinement for a period of thirty-seven months, followed by a three-year term of supervised release. [*See* DN 27.] The Court finds the sentence imposed to be commensurate with the charge.

In this case there was and is no need for restitution, and the Court does not find the sentence imposed upon Taylor to present an "unwarranted sentence disparit[y]" when compared against "defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6)-(7). There is, therefore, no legal justification to reduce Taylor's term of

supervised release from three years to, effectively, one year. The Court encourages Taylor to continue to comply with the terms of his supervised release, but feels it is premature to reduce his term at this time.

### III. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Taylor's Motion for early termination of supervised release, [DN 30], is **DENIED.**

**IT IS SO ORDERED.**

cc:    Counsel of Record

       Aaron Taylor, *pro se*